## James Doyle v. Mary J. Overby.

1.  EVIDENCE—*To Contradict a Judgment Held Admissible under the Circumstances of a Particular Case.*—In a suit by a former owner of land against a judgment creditor who had redeemed the land from a sale under a mortgage, the court permitted the plaintiff and her husband to testify that she only owed the defendant $160, but that she gave him a note for $850 and a power of attorney to confess judgment thereon, because he suggested to her that it was necessary to do so to enable him to redeem, and because he agreed to redeem the land for the plaintiff.

2.  FINDINGS BY THE COURT—*On Conflicting Evidence.*—The evidence as to the questions of fact involved in this case was conflicting, and the court is of opinion that the trial judge, who heard the evidence, saw the witnesses, and observed their manner of testifying, could better ascertain where the truth was than can this court from reading the testimony as preserved in the record, and hold that his finding should be sustained.

Doyle v. Overby.

ı **Assumpsit,** on the common counts. Appeal from the Circuit Court of Montgomery County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

JAMES M. TRUITT, attorney for appellant.

LANE & COOPER, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

The appellee, in the court below, recovered against the appellant, in an action of assumpsit, a judgment for $579 and costs. The declaration contained only the common counts, with a bill of particulars added thereto, as follows:

"James Doyle to Mary J. Overby, Dr., to $800 due for the sale of forty acres of land of the plaintiff's by the defendant, which money he now has in his possession and refuses to pay the same; this being the only cause of action here, and recovery thereof is sought under all or either of the counts of this declaration, with interest thereon."

Appellant interposed first, a plea of general issue, and second, a plea of no consideration. Upon these pleas issue was joined, resulting in the court finding the issues for the appellee and assessing her damages at $519, and after overruling appellant's motion for a new trial, entering the judgment above stated.

The appellant excepted to the ruling of the lower court in overruling his motion for a new trial and entering said judgment, and prayed, and was allowed, an appeal to this court from the judgment so rendered. No propositions of law were presented to the lower court by either party.

In the court below, appellee contended that on June 1, 1895, one Joseph H. Pitman procured a master's certificate of purchase on forty acres of appellee's land, situated in Montgomery county, Illinois, for $921.13, being the decree debt and costs of sale in a foreclosure proceeding in the Circuit Court of Montgomery County; and in order to procure a redemption of said land therefrom, and a sale thereof, she arranged with the appellant to furnish the money and

to make such redemption and sale; he to receive for his part whatever he could get for said land over $2,200, being $55 per acre, and to reimburse himself out of said $2,200, the redemption money paid by him to said Pitman, with interest and the costs of such redemption and sale, and pay the balance to appellee; while the appellant contended that the appellee and her husband, Wm. J. Overby, owed him $850, and gave him their note therefor, with a power of attorney to one Amos Miller, authorizing him to enter their appearance in court, in a suit on said note, so as to enable him to become a judgment creditor to redeem from the Pitman certificate of purchase, as the land was worth enough more than the Pitman debt to pay the said $850 owing by the appellee and her husband to the appellant. And the appellant denied that he promised the appellee to redeem the land and sell it on the terms claimed by her. The appellee denied owing the appellant the $850, but admitted owing him $160.

It appeared from the evidence taken on the trial in the court below that the appellee and her husband did give to the appellant their $850 note and power of attorney to Miller, to enter their appearance, so as to make the appellant a judgment creditor, and he did procure in that way a judgment on June 10, 1896, in the Circuit Court of Montgomery County, on said note, against the appellee and her husband, for $858.55; upon which, on August 29, 1896, he caused an execution to issue to the sheriff of Montgomery county to execute; and on August 31, 1896, he furnished the sheriff $1,014.74 to redeem said land from Pitman's certificate of purchase, which was done. A levy was then made by the sheriff under said execution on said land, and the same was, by the sheriff, sold on September 26, 1896, to the appellant for $1,029.79, being the statutory bid; and there being no further bids, the sheriff sold said land to the appellant, and at once made him a deed therefor. It also appears from the evidence the appellant paid $32.85 to redeem said land from taxes; and since the appellant received said sheriff's deed for said land he has paid the

appellee $197.77.  A short time after getting the sheriff's deed the appellant sold the land to one Joseph Thomas for $2,400.

On the trial in the court below, that court, over the objections of the appellant, permitted the appellee and her husband to testify that they only owed him $160 at the time they gave him the $850 note, but the reason they gave the appellant the $850 note and power of attorney was because he suggested to them it was necessary to do so to enable him to redeem, and because he agreed to redeem the land from the Pitman certificate of purchase for the appellee.

This evidence, appellant contends, ought not to have been admitted, because the appellant has an unsatisfied judgment against the appellee and her husband on said note, which the appellee ought not to be permitted to go behind.

We think, however, in view of the agreement which appellee and her husband both swear the appellant made with the appellee, to redeem for her this land from said Pitman, and the further fact that they swore that the appellant suggested to appellee that it would be necessary to give him this note and power of attorney, to enable him to procure this judgment, so as to redeem, the court below committed no error in receiving this evidence.

The only other contention of appellant is that the preponderance of the evidence in the court below, was that the appellant was not owing to the appellee the amount for which the lower court gave her the judgment.

As to whether the appellant procured from the appellee and her husband, the note. power of attorney, and judgment in question, for the purpose only of enabling him to get title to said land, sell same and account to the appellant for the proceeds thereof, as contended for by the appellee, or whether the note was given for money owing the appellant by appellee and her husband, was a disputed question of fact, which has been found by the court below against the appellant; and inasmuch as the judge, who heard the evidence, saw the witnesses, and observed their manner

of testifying, could better ascertain and determine where the truth was than we can, from merely reading their testimony in the record, we will not say he has found this disputed fact against the weight of the evidence.

We therefore affirm the judgment of the Circuit Court of Montgomery County in this case.    Judgment affirmed.